# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| ZACHARY MCLAUCHLIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:16-cv-0542-DGK |
| THOMAS SIGHT, | ) ) ) |
| Defendant. | ) |

## ORDER GRANTING MOTION TO REMAND

This lawsuit arises out of Plaintiff's allegation that Defendant's car hit him as he was attempting to cross a roadway. Plaintiff filed this case in the Circuit Court of Jackson County, Missouri, and Defendant removed to federal court by invoking the Court's diversity jurisdiction.

Now before the Court is Plaintiff's Motion to Remand (Doc. 6). Plaintiff argues the Court lacks diversity jurisdiction to hear this case because his post-removal stipulation states the amount in controversy does not exceed $75,000. The Court holds the post-removal stipulation does not deprive the Court of subject matter jurisdiction to hear this case. But since both parties agree to return to state court, the Court construes the pending motion as a consent motion to remand and grants it.

**Standard**

A state court action may be removed by the defendant to federal court if the case falls within the original jurisdiction of the district courts. 28 U.S.C. § 1441(a). If the case is not within the original subject matter jurisdiction of the district court, the district court must remand the case to the state court from which it was removed. *Id.* § 1447(c). The burden of establishing federal jurisdiction is on the party seeking removal, *In re Bus. Men's Assurance Co. of Am.*, 992

F.2d 181, 183 (8th Cir. 1993), and all doubts are resolved in favor of remand. *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014).

A case falls within the court's original diversity jurisdiction if the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The party invoking federal jurisdiction bears the burden of proving the requisite amount by a preponderance of the evidence. *Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005). The removing party need not prove that "the damages *are* greater than the requisite amount," but that "the claims . . . could, that is might, legally satisfy the amount in controversy requirement." *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005) (citations omitted).

Whether the amount in controversy requirement is met is determined by looking at the complaint as of the time the notice of removal is filed. *Halsne v. Liberty Mut. Group*, 40 F. Supp. 2d 1087, 1089 (N.D. Iowa 1999). "A subsequent change, such as the plaintiff's post-removal voluntary reduction of his claim to less than the jurisdictional amount, does not defeat federal jurisdiction acquired through removal." *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938) ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction."). The court may consider post-removal stipulations, affidavits, or amendments to the complaint only to the extent they clarify, rather than amend, whether the requirement is met. *Neighbors v. Muha*, No. 05-472-CV-W-GAF, 2005 WL 2346968, at *3 (W.D. Mo. Sept. 26, 2005).

2

**Background**

There is no dispute that the parties are citizens of different states and Defendant timely filed the notice of removal; the issue is whether the amount in dispute is more than $75,000. Relevant to this question, the Petition (Doc. 6-1) alleges that as a result of Defendant's negligence, Plaintiff sustained injury "to his head, left knee, left leg, and body" which "are permanent, painful, and progressive," and will in the future cause "great pain and suffering." Pet. ¶ 8, 11. Plaintiff has incurred some medical bills already and will incur more in the future. *Id*. ¶ 9. Also, he has sustained noneconomic damages as a result of his diminished ability to enjoy life. *Id*. ¶ 10. Defendant's notice of removal (Doc. 1) states Plaintiff's alleged damages exceed $75,000.[1]

Attached to Plaintiff's motion to remand is a one-sentence stipulation made post-removal stating that "the amount in controversy is less than $75,000." Stipulation (Doc. 6-2).

**Discussion**

Plaintiff argues that his stipulation to an amount of damages less than $75,000 is sufficient to deprive the Court of subject matter jurisdiction. He notes that the Petition does not set forth a specific amount of damages, apparently referencing the fact that under Missouri's pleading rules, a petition in a tort case may not include a request for a specific amount of damages. But he does not deny that at the time of removal the amount in dispute was more than $75,000.

Defendant responds that diversity jurisdiction was proper "based on the record when Defendant filed his Notice of Removal." Resp. (Doc. 8) at 1. Interestingly, Defendant also

---

[1] Defendant sought to identify Plaintiff's total amount of monetary damages prior to removal via an interrogatory, but Plaintiff declined to answer, writing the interrogatory "invades the province of the jury with respect to its request for an itemization of non-economic damages." Pl.'s Answers and Objs. to Interrogs. (Doc. 1-3) at 9-10. Plaintiff also declined to identify the amount of his economic damages.

3

reports he does not oppose remand, subject to the condition that "any order of remand provide that Plaintiff has stipulated to his damages being less than $75,000 and is legally bound by that stipulation." *Id.* at 2.

As a threshold matter, the Court finds the amount in dispute requirement was met at the time Defendant filed the notice of removal in federal court. The question is not whether Plaintiff's damages *are* actually greater than $75,000, but whether the claims *could* legally satisfy the amount in controversy requirement. *James Neff Kramper*, 393 F.3d at 833. The Petition alleged the accident hurt Plaintiff's "head, left knee, left leg, and body" leaving him with permanent and progressive injuries, present and future medical bills, and noneconomic damages. A jury could easily award more than $75,000 for such injuries. The Court also notes that Plaintiff has never denied that at the time the notice was filed the amount in dispute was more than $75,000.

The fact that Missouri's pleading rules[2] do not allow a plaintiff to include a request for a specific amount of damages in the petition is immaterial. While a plaintiff may not allege an exact amount of damages, he may plead that his damages do or do not exceed a certain jurisdictional threshold. *See, e.g.*, *Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1035 n.8 (E.D. Mo. 2004) (noting the complaint did not state an amount, but stated "[T]he amount in dispute or controversy exceeds the sum of $25,000."). Alternately, to ensure any attempt to remove will be unsuccessful, a plaintiff may attach a stipulation or affidavit to the initial petition swearing his damages do not exceed a certain amount. *Bell v. Hershey Co.*, 557 F.3d 953, 958 (8th Cir. 2009).

---

[2] Missouri Supreme Court Rule 55.05 provides that "in actions for damages based upon alleged tort, no dollar amount shall be included in the demand except to determine the proper jurisdictional authority."

Plaintiff's claim that the post-removal stipulation defeats subject matter jurisdiction is incorrect. Whether the amount in controversy requirement is met is determined by looking at the complaint as of the time the notice of removal is filed. *Halsne*, 40 F. Supp. 2d at 1089. A post-removal stipulation of damages to less than the jurisdictional amount does not defeat federal jurisdiction acquired through removal. *Hatridge*, 415 F.2d at 814. Because Plaintiff did not stipulate to a sub-$75,000 damages award until after removal, the stipulation is irrelevant.

Defendant's suggestion that the holding in *Workman v. Kawasaki Motors Corporation, U.S.A.*, permits Plaintiff to cap his damages with a post-removal stipulation to divest the Court of jurisdiction is also unavailing. 749 F. Supp. 1010, 1010 (W.D. Mo. 1990). *Workman* is distinguishable.[3]

Consequently, the Court possesses subject matter jurisdiction to hear this case.

Of course, the Court does not have exclusive jurisdiction to hear this case. If the parties wished to litigate this case in state court they could do so by dismissing and re-filing there, *see* Fed. R. Civ. P. 41, but the Court sees no point in making Plaintiff pay another filing fee. Further, the Court is not aware of any statute or caselaw prohibiting it from remanding a case so long as all parties consent. In fact, consent motions to remand are routinely granted. *See, e.g., McDaniel v. Manatt's, Inc.*, No. 15-cv-2077-LRR, 2015 WL 5722802, at *3 n.2 (N.D. Iowa Sept. 29, 2015); *Davis v. Simmons*, Nos. 13-cv-92-LRR, 13-cv-93-LRR, 2014 WL 3698002, at *5 (N.D. Iowa July 24, 2014).

---

[3] In *Workman*, the parties agreed after removal that the amount in dispute was less than the jurisdictional threshold and had been all along. *Id.* They then submitted a joint stipulation to the court stating as much. *Id.* The plaintiff also submitted a fairly detailed affidavit explaining why the amount in dispute was less than the jurisdictional minimum. *Id.* The court then held as a "legal certainty" that the amount in dispute was never more than the jurisdictional amount. *Id.* at 1011. By contrast, in the present case, the allegations in the Petition indicate it is more likely than not that at the time of removal the amount in dispute was more than $75,000; Plaintiff does not deny that at the time of removal the amount in dispute was $75,000; Defendant actively maintains that at the time of removal the amount in dispute was more than $75,000; and it is certainly not a legal certainty that at the time of removal the amount in dispute was less than $75,000.

5

Accordingly, given the circumstances, the Court construes Plaintiff's motion as a consent motion for remand and grants it. The Court remands this case to the Circuit Court of Jackson County, Missouri, subject to the parties' stipulation that the amount in dispute is less than $75,000.

**Conclusion**

For the foregoing reasons, the pending motion (Doc. 6) is GRANTED.

**IT IS SO ORDERED.**

Date: August 1, 2016 /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT